UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TREVA WILLIS and MELISSA AVIS, on
behalf of themselves and others similarly
situated,

        **Plaintiffs,**

       v.

**SUSHI NAKAZAWA LLC, ALESSANDRO
BORGONONE, and DAISUKE
NAKAZAWA,**

        **Defendants.**
-----------------------------------------------------------x

CASE NO.

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND
RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant Sushi Nakazawa LLC is a New York limited liability company that operates Sushi Nakazawa restaurant ("Sushi Nakazawa" or the "Restaurant") in Manhattan.

4. Sushi Nakazawa has an annual gross volume of sales in excess of $500,000.

5. Sushi Nakazawaa is owned and operated by Defendants Alessandro Borgognone ("Borgognone") and Daisuke Nakazawa ("Nakazawa").

6. Defendants Borgognone and Nakazawa exercise sufficient control of Sushi Nakazawa's day to day operations to be considered Plaintiffs' employers under the FLSA and New York law.

7. Until recently, Defendant Nakazawa worked in the Restaurant as chef five days a week. In that capacity, he directed employees' work and specifically instructed service employees on how to perform service tasks.

8. Defendants Borgognone and Nakazawa have the power to hire and fire the restaurant's employees. For example, Defendant Borgognone promoted John Shin to the general manager position, and Defendant Nakazawa hires kitchen staff participated in the decision to fire an employee named Joe Giordano.

9. Defendant Borgognone has the authority to control employees' rates of pay and conditions of employment. For example, on or around December 1, 2017, Defendant Borgognone and the Restaurant's general manager held a staff meeting where they announced a new tip pool structure that affected service employees' take home pay.

10. At that meeting, Defendant Borgognone also said that he had been meeting with lawyers to set new employment policies at the restaurant, and he announced a new mandatory arbitration policy for employees who wanted to remain working at the restaurant.

11. At a staff meeting in 2016, Defendant Borgognone stated that he had been to generous with staff financially, and he stated that he was setting new rules for how the restaurant would be closed and how employees would cash out each night.

12. Defendants Borgognone and Nakazawa are involved in maintaining employment records. At the December 1, 2017 meeting that Defendant Borgognone and the general manager ran, a Notice and Acknowledgement of Pay Rate was distributed to employees, and it was signed by Defendant Nakazawa.

13. Plaintiff Treva Willis has employed by Defendants as a captain at Sushi Nakazawa from December 2015 to December 2017.

14. Plaintiff Melissa Avis was employed by Defendants as a captain at Sushi Nakazawa from approximately June 2014 to August 2016.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees, other than service managers, employed by Defendants at Sushi Nakazawa on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective").

16. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and allowing non-tipped employees to share in their tips. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The

FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Sushi Nakazawa. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Sushi Nakazawa.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

18. Plaintiffs bring the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees, other than service managers, employed by Sushi Nakazawa on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

19. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from Sushi Nakazawa's records. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Sushi Nakazawa's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Sushi Nakazawa. Notice can be provided by means permissible under said F.R.C.P. 23.

20. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Sushi Nakazawa, upon information and belief, there at least forty (40) members of the Class.

21. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each

member of the Class in separate actions. All the Class members were subject to the same corporate practices of Sushi Nakazawa, as alleged herein, of failing to pay all minimum wage and overtime pay due, misappropriating Class members' tips, and failing to provide Class members with required wage notices. Sushi Nakazawa's corporate-wide policies and practices affected all Class members similarly, and Sushi Nakazawa benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Sushi Nakazawa. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would

result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Sushi Nakazawa and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24. Upon information and belief, Sushi Nakazawa and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and the Class members for their work.

c) Whether Defendants paid Plaintiffs and the Class members the appropriate minimum wage for all hours worked.

d) Whether Defendants gave Plaintiffs and the Class members the wage statements required by New York Labor Law § 195 and the New York Hospitality Wage Order.

e) Whether Defendants required Plaintiffs and the Class members to share gratuities with tip-ineligible employees.

## FACTS

26. Plaintiffs' consent to sue form is attached hereto as Exhibit A.

27. Plaintiff Willis occasionally worked 6 days a week at Sushi Nakazawa. When she worked 6 days a week, she worked more than 40 hours.

28. Defendants paid Plaintiffs pursuant to a tip credit.

29. Defendants were not entitled to use the tip credits set forth under the FLSA and New York Labor Law, because they (a) required Plaintiffs to share tips with tip-ineligible employees and (b) did not give Plaintiffs the appropriate notice of the tip credit, including but not limited to the notices required by N.Y. Lab. Law § 195.

30. The tip ineligible individuals in the tip pool have included, without limitation, Garrett Smith, John Shin, Kaori Sugano, Joe Giordano, Doug Hopkins, and Vito Ferraro. All of these individuals exercised managerial authority that rendered them ineligible to receive tips, including but not limited to the following:

    a. As beverage director, Garrett Smith hired and fired employees and directed the work of service employees. For example, Mr. Smith hired

7

captains Cody Mason and Aurora Bat-Leah and was involved in firing Joe Giordano.

b. As maitre d', John Shin hired and fired hostesses, interviewed applicants for service positions, set hostesses' schedules, and participated in managers' meeting.

c. Captain Kaori Sugano set employee schedules and hired backwaiters.

d. Sommelier Joe Giordano interviewed job applicants, ran staff meetings, and wrote the Restaurant's service manual.

e. Sommelier Doug Hopkins hired and trained employees, including Plaintiff Willis.

f. Vito Ferraro interviewed prospective employees, including Plaintiff Avis, hired employees, participated in making firing decisions, and set Restaurant policies such as the dress code and steps of service.

31. Defendants also illegally required service employees to share tips with a polisher who worked in the kitchen polishing glassware and did not interact with customers.

32. Plaintiffs' weekly pay stubs did not satisfy the requirements of N.Y. Lab. Law § 195(3). For example, Plaintiffs' weekly pay stubs failed to set forth that Plaintiffs were paid pursuant to a tip credit.

33. Defendants did not distribute to Plaintiffs any Notice and Acknowledgement of Pay Rate forms as required by N.Y. Lab. Law § 195 until December 2017.

34. Defendants committed the foregoing acts willfully and against Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

**FIRST CLAIM FOR RELIEF**
**FLSA Minimum Wage Claims, 29 U.S.C. § 201,** *et seq.***,**
**Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs**

35. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

36. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

37. Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

38. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**FLSA Overtime Violations, 29 U.S.C. § 207**
**Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs**

39. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

40. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

41. Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek and continue to do so.

42. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs members one-and-one-half times the greater of their regular rate or the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

43. Plaintiffs, on behalf of herself and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### **THIRD CLAIM FOR RELIEF**
**New York State Minimum Wage Act, New York Labor Law § 650 *et seq.*
Brought by Plaintiffs on Behalf of Themselves, the Opt-In Plaintiffs, and the Class**

44. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

45. Defendants knowingly paid the Plaintiffs and members of the Class less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

46. Defendants did not pay Plaintiffs and members of the Class minimum wage for all hours worked.

47. Defendants' failure to pay Plaintiffs and members of the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

48.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
**New York Overtime Violations**
**New York Minimum Wage Act, N.Y. Stat. § 650** *et seq.*,
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4**
**Brought by Plaintiffs on Behalf of Themselves, the Class, and the Opt-In Plaintiffs**

49.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

50.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

51.     Throughout the Class period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class members at the required overtime rate of one-and-one-half times the minimum wage for hours worked in excess of forty (40) hours per workweek.

52.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
**New York Notice Requirements, N.Y. Lab. L. §§ 195, 198**
**Brought by Plaintiff on Behalf of Themselves, the Class, and the Opt-In Plaintiffs**

53.     Plaintiff reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

54. Sushi Nakazawa did not provide Plaintiffs and the members of the Class with the notices/wage statements required by N.Y. Lab. Law § 195.

55. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

## SIXTH CLAIM FOR RELIEF
### Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d
### Brought by Plaintiffs on Behalf of Themselves, the Class, and the Opt-In Plaintiffs

56. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

57. Defendants illegally required Class Members to share gratuities with managerial employees and non-service employees.

58. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. An award of damages, according to proof, including back pay and liquidated damages, to be paid by Defendants;

B. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the

pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

D. Designation of this action as a class action pursuant to F.R.C.P. 23.

E. Designation of Plaintiffs as Representative of the Class.

F. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

G. Penalties available under applicable laws;

H. Costs of action incurred herein, including expert fees;

I. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

J. Pre-judgment and post-judgment interest, as provided by law; and

K. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
       December 6, 2017

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ Denise A. Schulman
    D. Maimon Kirschenbaum
    Denise A. Schulman
    32 Broadway, Suite 601
    New York, NY 10004
    Tel: (212) 688-5640
    Fax: (212) 688-2548

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.